IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**HOPE WAGGONER and JAIME TORRES,**
As individuals and on behalf of V.T., a minor,

    Plaintiffs,

v.                                                No. 3:25-cv-00166

**THE NEW MEXICO CHILDREN, YOUTH
& FAMILIES DEPARTMENT and JACOB
TORRES, in his individual capacity,**

    Defendants.

## DEFENDANTS' ANSWER TO THE COMPLAINT [DOC.1]

COME NOW Defendants, THE NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT ("NMCYFD") and JACOB TORRES, in his individual capacity, by and through their counsel of record, **CARRILLO LAW FIRM, P.C.** (Raúl A. Carrillo, Jr.), and hereby submit their Answer to the Plaintiffs' Complaint [Doc. 1] filed on May 8, 2025. In response to the allegations of the Complaint Defendants state as follows:

## INTRODUCTION

1. The introductory paragraph does not appear to contain any allegations of fact or law. To the extent that a response is required, the Defendants deny any allegations therein which consist of unsupported misstatements and errors and should be stricken pursuant to Fed R. Civ. P. 12(f).

2. The introductory paragraph does not appear to contain any allegations of fact or law. To the extent that a response is required, the Defendants deny any allegations therein which consist of unsupported misstatements and errors and should be stricken pursuant to Fed.

1

R. Civ. P. 12(f). Defendants deny the Plaintiffs' characterization of the events contained in paragraph 3 of the complaint.

3. Defendants deny paragraph 4, that there were any violations of federal, New Mexico, or Texas law and deny that the Plaintiffs were damaged or are entitled to relief and demand strictest proof thereof.

## PARTIES

4. In response to the allegations of paragraph 5 of the Complaint, Defendants are uncertain of the exact address of Plaintiff Hope Waggoner at the moment that this document is executed although they are informed and believe that she does in fact reside in Doña Ana County, New Mexico. To the extent that the Complaint alleges that Hope Waggoner resides in Doña Ana County, New Mexico as of the afternoon of July 17, 2025, that allegation is denied based on our lack of sufficient information to form a response. To the extent that the Plaintiffs allege Hope Waggoner has resided in Doña Ana County, New Mexico, at times relevant to this lawsuit, those allegations are admitted.

5. Defendants are without sufficient information to admit or deny Paragraph 6 of the Complaint, and therefore deny same.

6. Defendants deny the allegations in paragraph 7 of the Complaint. Upon information and belief infant V.T. was not residing with her father Plaintiff Torres in El Paso, Texas at the time of the incidents underlying the allegations of the Complaint and was in fact residing with her mother Plaintiff Waggoner and Natalia Figueroa, until taken into NMCYFD custody on February 20, 2025. To the extent that the complaint alleges that Jamie Torres resides in El Paso County as of the time of the execution of this document, Defendants

are without sufficient information to admit or deny that allegation and therefore deny same.

7. Defendants admit the allegations contained in paragraph 8.

8. Defendants admit the allegations contained in paragraph 9, but deny that defendant Torres is properly sued in his individual capacity.

## JURISDICTION

9. Defendants deny paragraph 10 that this Court has subject matter jurisdiction over this case. Plaintiffs' sole federal question claim under 42 U.S.C. §1983 against Defendant Torres in his individual capacity is subject to dismissal on qualified immunity grounds. Diversity jurisdiction is not appropriate in this matter, as Plaintiff Waggoner is a resident of the State of New Mexico, the same state of residence of the Defendants.

## ALLEGATIONS

10. In response to paragraph 11 of the Complaint, Defendants admit the allegations contained in this paragraph.

11. Defendants deny the allegations contained in paragraph 12. Upon information and belief at the time of the incident complaint 2/20/2025 Plaintiff Waggoner was sixteen (16) years old. Defendants admit that the Plaintiff had been in CYFD custody for some time and was placed with a foster family in New Mexico. Defendants are without sufficient information to admit or deny that plaintiff Waggoner left her Las Cruces home to be with anyone in particular and therefore deny that allegation.

12. In response to the allegations of paragraph 13 of the Complaint, Defendants admit the allegations contained in this paragraph.

13. Defendants are without sufficient information to admit or deny Paragraph 14 of the Complaint and therefore deny same. Upon information and belief prior to the incident of February 20, 2025 the infant V.T. lived with Plaintiff Waggoner and Natalia Figueroa at 11940 Los Adobes El Paso, TX per Plaintiff Waggoner's statement to SPD officers on February 20, 2025. Upon information and belief, Plaintiff Torres resided at 4651 Cohen Ave #194, El Paso, TX 79924 as recorded in the SPD police report.

14. Defendants deny the allegations of Paragraph 15 on the basis that they call for a legal conclusion.

15. Defendants deny the allegations of Paragraph 16. Defendant Torres contacted, or was contacted by Maria Aguirre, CPS Texas case worker, who provided a narrative account of the domestic violence incident which brought the Plaintiffs and V.T. to the Socorro Police Department in the first place, and who requested that Defendants assist their office by taking both Plaintiff Hope Waggoner and V.T. into custody.

16. Defendants deny the allegations of Paragraph 17. As stated above, Maria Aguirre, a Texas CPS case worker, requested assistance with both Plaintiff Waggoner and V.T. from NMCYFD. Ms. Aguirre in recounting her narrative to Defendant Torres, requested that someone pick up both the minor children as soon as possible. Defendants also affirmatively state that although Plaintiff Jaime Torres was present at the Socorro Police Department, neither the SPD or Texas CPS chose to send V.T. home with him. Defendants deny each and every remaining allegation in this paragraph of the complaint.

17. Defendants admit that they opened an investigation into the living circumstances of V.T. following the domestic violence incident which Plaintiff Jaime Torres was involved in on February 20, 2025. Defendants deny that it was only a verbal altercation, based on

information and belief, the victim and Plaintiff Torres struggled over a baby's car seat, and the victim alleges that Plaintiff Torres brandished a knife at her.

18. Defendants are without sufficient information to admit or deny the allegation regarding Plaintiff Torres' knowledge regarding custody of his child and his timeline for ascertaining that and therefore deny same. Defendants admit that Plaintiff Torres called and spoke to Defendant Torres and stated he would not cooperate in the investigation regarding the domestic violence incident he was involved in on February 20, 2025.

19. Defendants deny the allegations of Paragraph 20. On February 20, 2025 Officer Loya (Badge No. #1119) of the Las Cruces Police Department filed a CYFD Protective Services Division (PSD) Statement of Reasonable Grounds for Temporary PSD Custody for V.T. Defendants further deny Plaintiffs' characterization of the timeline. V.T. was not placed into foster care in Santa Fe until nearly one (1) week later. V.T. was in fact, enrolled in Little Playmates – Alameda located at 800 N. Telshor, Las Cruces, NM 88011 on February 25, 2025.

20. Defendants deny the allegations of Paragraph 21.

21. In response to paragraph 22 of the Complaint, Defendants are without sufficient information to admit or deny the allegations in this paragraph, and therefore deny the allegations.

22. Defendants admit that Plaintiff Waggoner spoke to Defendant Torres regarding V.T. and his concerns regarding the unsafe living situation in Texas and Plaintiff taking V.T. back into a dangerous situation. Defendants deny the remaining allegations of paragraph 23. Defendants affirmatively state that at the time of the communication referenced in this

paragraph Plaintiff Waggoner had again run away from her foster family, and was again on runaway child status, as of mid-day February 21, 2025.

23. Defendants admit that on February 25, 2025 an *Ex Parte* Custody Order was entered by the New Mexico Children's Court Judge Grace B. Duran of the Third Judicial District of New Mexico which found good cause to grant custody of V.T. to the Defendant CYFD. Defendants affirmatively state that order issued by the District Court in Doña Ana County New Mexico, notes that there were no family members or kin in the State of New Mexico, that the paternal family lived in another state and could not be assessed, and noted that NMCYFD had attempted to plan with the resource family Plaintiff Waggoner was placed with (and from whom she ran away from), but could not due to fears of Plaintiff Waggoner fleeing to Texas with V.T.

24. Defendants admit that the petition filed on or about February 20, 2025 was dismissed in March 2025 for lack of jurisdiction.

## FIRST CAUSE OF ACTION

25. Defendants incorporate by reference all prior responses as if set forth fully herein.
26. Defendant Torres denies the allegations of paragraph 27 all of which call for legal conclusion.
27. Defendant Torres denies the allegations of paragraph 28 all of which call for a legal conclusion.
28. Defendant Torres denies the allegations of paragraph 29 all of which call for a legal conclusion.
29. Defendant Torres admits the allegations of paragraph 30 all of which call for a legal conclusion.

30. Defendant Torres denies the allegations of paragraph 31 all of which call for a legal conclusion.

31. Defendant Torres denies the allegations of paragraph 32 all of which call for a legal conclusion.

32. Defendant Torres denies the Plaintiffs are entitled to punitive damages in this matter as alleged in paragraph 33 of the Complaint.

33. Defendant Torres denies the Plaintiff are entitled to recovery of attorney fees or costs of this suit as alleged in paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

34. Defendants incorporate by reference all prior responses as if set forth fully herein.

35. Defendant Torres admits that he transported V.T. to New Mexico with her mother Plaintiff Hope Waggoner, and denies all remaining allegations of paragraph 36 of the Complaint.

36. Defendant Torres denies the allegations of paragraph 37 of the Complaint.

37. Defendant Torres denies the allegations of paragraph 38, of the Complaint which call for a legal conclusion.

38. Defendant Torres denies the allegations of paragraph 39, of the Complaint which call for a legal conclusion.

39. Defendant Torres denies the Plaintiffs are entitled to punitive damages as alleged in paragraph 40 of the Complaint which call for a legal conclusion.

## THIRD CAUSE OF ACTION

40. Defendants incorporate by reference all prior responses as if set forth fully herein.

41. Defendant Torres denies the allegations of paragraph 42 on the basis that they call for a legal conclusion.

42. Defendant Torres denies the allegations of paragraph 43 on the basis that they call for a legal conclusion..

43. Defendant Torres denies the allegations of paragraph 44 on the basis that they call for a legal conclusion..

44. Defendant Torres denies the Plaintiffs are entitled to punitive damages in this matter as alleged in paragraph 45.

## FOURTH CAUSE OF ACTION

45. Defendants incorporate by reference all prior responses as if set forth fully herein.

46. Defendant Torres is without sufficient information to admit or deny the allegations in paragraph 47 of the Complaint and therefore deny same.

47. Defendant Torres denies the allegations of paragraph 48.

48. Defendant Torres denies the allegations of paragraph 49 on the basis that it calls for legal conclusion and therefore deny same.

49. Defendant Torres denies the allegations of paragraph 50 on the basis that it calls for a legal conclusion and therefore denies same.

50. Defendant Torres denies the Plaintiffs are entitled to punitive damages in this matter as set forth in paragraph 51 of the complaint.

## FIFTH CAUSE OF ACTION

51. Defendants incorporate by reference all prior responses as if set forth fully herein.

52. Defendant Torres denies the allegations of paragraph 53 of the Complaint on the basis that it calls for a legal conclusion and therefore deny same.

53. Defendant Torres denies the allegations of paragraph 54 of the Complaint on the basis that it calls for a legal conclusion and therefore deny same.

54. Defendant Torres denies the allegations of this paragraph 55 of the Complaint on the basis that it calls for a legal conclusion and therefore deny same.

55. Defendant Torres denies the Plaintiffs are entitled to punitive damages as alleged in paragraph 56 of the Complaint.

## SIXTH CAUSE OF ACTION

56. Defendants incorporate by reference all prior responses as if set forth fully herein.

57. Defendant CYFD interprets the allegations of paragraph 58 as calling for a legal conclusion which is inappropriate at this stage of the litigation and therefore denies same.

58. Defendant CYFD admits the allegations of paragraph 59 of the Complaint.

59. Defendant CYFD denies the allegations of paragraph 60 of the Complaint, on the basis that they call for a legal conclusion.

60. Defendant CYFD denies the allegations of paragraph 61 of the Complaint on the basis that they call for a legal conclusion.

61. Defendant CYFD denies the allegations of paragraph 62 of the Complaint on the basis that they call for a legal conclusion.

62. Defendants deny that the Plaintiffs are entitled to any recovery in this matter as alleged in paragraph 63 of the Complaint.

## RELIEF REQUESTED

63. In response to paragraph 64 of the Complaint, all Defendants deny that Plaintiffs are entitled to any of the relief sought in the Plaintiffs' Complaint [Doc. 1].

## OTHER

64. All allegations not specifically admitted herein are denied.

## DEFENSES

### First Defense

The claims and causes of action contained in the Complaint fail to state a claim on which relief may be granted.

### Second Defense

The claims and causes of action against Defendant Jacob Torres are barred by the doctrine of qualified immunity.

### Third Defense

The claims and causes of action against Defendant CYFD are barred by Eleventh Amendment immunity.

### Fourth Defense

The identified Plaintiff lacks standing to file this cause of action.

### Fifth Defense

The claims and causes of action contained herein are barred under the doctrine of waiver.

### Sixth Defense

The claims and causes of action contained herein are barred because the named Plaintiff has failed to name an indispensable party to the litigation who may be at fault in whole or in part for any alleged damages.

### Seventh Defense

The defenses set forth herein are preliminary, without the benefit of all of the facts underlying or pertaining to Plaintiffs' claims. Therefore, Defendants reserve the right to amend to add additional defenses as this case proceeds.

### CONCLUSION

WHEREFORE, Defendants respectfully request that all of the Plaintiffs' claims be denied, judgment be entered in their favor, and that the Court award costs of suit and attorney's fees as appropriate, and for such other and further relief as deemed just and appropriate.

Respectfully submitted,

**CARRILLO LAW FIRM, P.C.**

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr., NM Bar No. 5600
P.O. Box 457
Las Cruces, NM 88004
(575) 647-3200
(575) 647-1463 (fax)
raul@carrillolaw.org
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 17th day of July, 2025, I caused the foregoing to be served and filed electronically through the CM/ECF electronic filing system, which caused all parties or counsel to be served by electronic means.

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr.