**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HOPE WAGGONER and JAMIE TORRES,** as individuals and on behalf of V.T., a minor, *Plaintiffs*, | § § § § | |
| **v.** | § § | **EP-25-CV-00166-RFC** |
| **THE NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT and JACOB TORRES, in his individual capacity,** | § § § § § | |
| *Defendants*. | § § | |

<u>**ORDER ON JOINT PRETRIAL SUBMISSIONS**</u>

On this day, the Court *sua sponte* considered the above-captioned case. This case is currently set for **JURY TRIAL** before Magistrate Judge Robert Castañeda on Monday, August 24, 2026, at 9:00 a.m., in Courtroom #612, on the Sixth Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas, 79901, with a final pretrial conference set at the same location. However, consistent with the discussions at the status conference, the Court now **ORDERS** that the **FINAL PRETRIAL CONFERENCE** shall proceed on the previously scheduled date – Monday, August 17, 2026, at 9:00 a.m. – but **<u>shall be conducted remotely</u>** by video, using a link to be provided by the Court.

To further promote judicial efficiency and efficient case management, the Court enters the following orders.

**A. Joint Evidentiary Submission**

The Court **ORDERS** the parties to **MEET AND CONFER** and **JOINTLY FILE** a Joint Evidentiary Submission comprised of the following documents **no later than Friday, July 24, 2026, by 5:00 p.m. MT**:

1. **Stipulated facts (if any).**

2. **A joint exhibit list.** The list must (1) identify each exhibit that may be offered at trial; (2) assign a number to each exhibit (Plaintiffs shall number individual exhibits through the letter "P" before exhibit numbers, defendants shall use the letter "D" before exhibit numbers); (3) state the party or parties who may offer the exhibit; (4) describe each item of proposed evidence; and (5) set forth the basis and authority upon which the proponent asserts admissibility is premised. The list must identify any deposition transcripts expected to be offered at trial, with a listing of those pages of each transcript to be offered for non-impeachment purposes.

3. **A joint witness list.** The list must identify, for each witness whose testimony may be used at trial: (1) the witness's name and, if not previously provided, the witness's address and telephone number; (2) the party or parties who may offer the witness's testimony; (3) a brief summary of the witness's anticipated testimony; (4) whether the testimony is expected to be presented in trial or by means of a deposition; and (5) whether the party expects to present the witness at trial or whether it expects that it will present the witness only if the need arises. As to any expert witness whose testimony may be used at trial, the proponent must further provide: (1) a statement of the area of expertise, (2) a curriculum vitae, if available; and (3) the opinion to be expressed with a brief summary of the basis for the opinion.

4. **Joint deposition designations.** For any witnesses whose testimony is expected to be presented by means of a deposition, the parties must jointly submit deposition designations by reference to page and line of the testimony to be offered. The parties must append a transcript of the pertinent portions of the deposition testimony to their designations.

To the extent that the parties do not agree upon the admissibility of evidence or presentation of testimony, the objecting party must disclose its objections, together with the grounds therefore. Objections to the contents of the Joint Evidentiary Submission not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown. The objecting party is encouraged to cite to legal authority to support its objections.

2

The Court shall preclude the admission of any evidence or presentation of any testimony not identified in compliance with this Order, unless for good cause shown.

**B.  Motions in Limine**

The Court **ORDERS** that any **MOTION IN LIMINE** shall be filed **no later than Friday, July 24, 2026, by 5:00 p.m. MT**.  Prior to filing any motion in limine, the parties shall **MEET AND CONFER** in a good-faith attempt to resolve the request by agreement.

The Court **FURTHER ORDERS** that in any motion in limine submitted to the Court, counsel for the movant shall, for each request, certify: (1) that the parties conferred in a good-faith attempt to resolve the matter by agreement; (2) whether the request is opposed or unopposed; and (3) the specific reason that no agreement could be made.

**C.  Responses to Motions in Limine**

The Court **ORDERS** that the nonmovant must file its response, if any, to the movants' motions in limine **no later than fourteen days after the motions in limine are filed**.  If no response is filed within this time period, the Court may grant the motions in limine as unopposed.

**D.  Joint Jury Trial Submission**

The Court **ORDERS** the parties to **MEET AND CONFER** and **JOINTLY FILE** a Joint Jury Trial Submission, comprised of the following documents no later than Friday, July 31, 2026, by 12:00 p.m. MT:

1. **A joint list of proposed voir dire questions to be submitted to the jury panel.**

2. **A joint statement of the parties' claims or defenses to be used by the court in conducting voir dire.** The statement shall be no longer than ½ page with type double-spaced.

3. **Joint proposed jury instructions.**

4. **Joint proposed verdict forms.**

5. **A joint estimate of the probable length of trial.**

To the extent the parties cannot agree on specific contents in the documents above, they **SHALL** include – with clear color coding designated for each party – the language and/or contents that each party proposes, followed by footnotes containing the proposing party's arguments with supporting citations to legal authority.

Finally, to eliminate any confusion arising from inconsistent submission deadlines, the Court **VACATES** the portion of the Scheduling Order, ECF No. 17, in which it required that:

> [n]otwithstanding the provisions of Local Rule CV-16(f)–(g), each party must file and serve the information provided for in Local Rule CV-16(f) at least fourteen (14) days before the scheduled date for the final pretrial conference. Each party must file and serve the information provided for in Local Rule CV-16(g) at least seven (7) days before the scheduled date for the final pretrial conference.

The Court **FURTHER ORDERS** that compliance with this Order, which incorporates the requirements imposed by Local Rule CV16(f) and (g) for trial memoranda in civil cases, is in lieu of and constitutes compliance with said Rule.

SO ORDERED and SIGNED this 5th day of June, 2026.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**