**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

**HOPE WAGGONER and JAIME TORRES,
as individuals and on behalf of V.T., a minor,**

   **Plaintiffs,**

**v.**

             **No. 3:25-cv-00166**

**THE NEW MEXICO CHILDREN, YOUTH
& FAMILIES DEPARTMENT and JACOB
TORRES, in his individual capacity,**

   **Defendants.**

**DEFENDANTS' OMNIBUS MOTION IN LIMINE**

   COME NOW Defendants, by and through their counsel of record,

CARRILLO LAW FIRM, P.C. (Raúl A. Carrillo, Jr.), and hereby file their

Omnibus Motion in Limine, and in support state as follows:

  **I.**  **The Court should bar the Plaintiffs' witnesses from offering lay
opinion testimony, improper legal conclusions, and unqualified
expert witness testimony (602, 701, and 702)**

   The Plaintiffs witnesses have previously offered testimony based on opinion

rather than fact, including opinions regarding what should or should not have been

done under Federal, New Mexico, or Texas law relative to this matter. Witnesses

are barred by the Federal Rules of Evidence from providing opinion testimony,

unless they are a qualified expert witness.

Federal Rule of Evidence 602 requires that, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." *See*, Fed. R. Evid. 602. Fact witnesses are allowed to provide only limited opinion testimony under Rule 701 unless they are a qualified testifying expert:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
> *See,* Fed. R. Evid. 701

The Plaintiffs have not proffered an expert in this matter and as such, they cannot provide expert opinion testimony on any subject, including on the legal actions required to be taken at the time of the incident by the Defendants and the legal effects of the ruling from the New Mexico courts. Plaintiffs themselves, and their witnesses, should be barred from introducing any opinion testimony based on scientific, technical, or other specialized knowledge, and must testify only to their personal knowledge of an issue.

Defendants respectfully request the Court enter an order *in limine* consistent with the argument set forth above, which bars the Plaintiffs' witnesses from

offering non-expert opinion testimony and testimony outside of their personal knowledge.

**II.     The Court should enter an order in limine which bars the introduction of evidence related to settlement negotiations and offers of compromise, offers of payment, remedial measures, and liability insurance (FRE 407, 408, 409, 411)**

Under the Federal Rules of Evidence the parties are prevented from introducing evidence of remedial measures taken after the incident which would have make the alleged injury less likely to occur, settlement offers and discussions, or promises of payment, and liability insurance.

Federal Rule of Evidence 407 provides that the Plaintiffs are prohibited from presenting evidence of remedial measures taken after the incident which would have made the incident less likely to occur for the purposes of establishing, negligence, culpable conduct, a product design defect, or a need for warning or instruction. *See, Fed. R. Evid. 407.* Any evidence of settlement discussions, conduct therein, statements made, or attempts and offers to compromise the claim herein is not admissible for either party under Rule 408. *See, Fed. R. Evid. 408.* Similarly, any offers to pay for medical, hospital, or related expenses are likewise prohibited for the purposes of establishing liability. *See, Fed. RE. Evid. 409.* Finally, Rule 411 prohibits using evidence that a person or entity was or was not insured against liability as evidence of negligence or wrongful action. *See, Fed. R. Evid. 411.*

Pursuant to the above Rules, the Plaintiff should not be allowed to introduce any evidence, of any offer by the Defendants during settlement negotiations, as evidence of liability against the Defendants.

The Defendants respectfully ask the Court to enter an order *in limine* barring the Plaintiffs from introducing evidence which is barred under Federal Rules of Evidence 407, 408, 409, and 411 as outlined above.

**III.    Defendants move the Court to enter an order in limine excluding Plaintiffs' witnesses from being present in the courtroom during presentation of testimony and prohibits the communication of that testimony to witnesses excluded from the courtroom. (FRE 615)**

Throughout the depositions in this matter, there have been various allegations of abuse and manipulation between the Plaintiffs. In order for the Court to hear testimony that is credible and which is not in danger of alteration or manipulation based on testimony of others, the Defendants are requesting that Plaintiffs witnesses excluded from the courtroom while testimony is being presented. Additionally, and for the same reason, the Defendants are requesting that the Court enter an order in limine which also prohibits disclosure of trial testimony to witnesses who are excluded from the courtroom.

Pursuant to Federal Rule of Evidence 615, the Defendants are allowed to request the Court exclude witnesses from the courtroom:

> At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

4

(1) a party who is a natural person;

(2) one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney;

(3) any person whose presence a party shows to be essential to presenting the party's claim or defense; or

(4) a person authorized by statute to be present.

(b) Additional Orders to Prevent Disclosing and Accessing Testimony. An order under (a) operates only to exclude witnesses from the courtroom. But the court may also, by order:

(1) prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom; and

(2) prohibit excluded witnesses from accessing trial testimony.
*See, Fed. R. Evid. 615*

Defendants are requesting that all Plaintiffs' witnesses be excluded and be prohibited from hearing trial testimony from the courtroom so they cannot hear other witnesses testimony and alter their own.

Defendants respectfully move the Court for an order *in limine* excluding Plaintiffs' non-party witnesses from being in the courtroom when trial testimony is given, and prohibiting the communication of that testimony to those witnesses in accordance with Federal Rule of Evidence 615.

**IV.    Defendants move the Court for an order *in limine* barring the Plaintiffs from discussing "custody" without specifying "legal custody" versus "physical custody" to prevent undue confusion**

Defendants respectfully move the Court for an order *in limine* barring the Plaintiffs from using the word "custody" without specifying whether they mean legal custody or physical custody of V.T. The Texas Children's Code takes care to note the difference between legal and physical custody in order that the triers of fact not misconstrue the two.

Under the Texas Children's Code, custody is split into the following two definitions:

(11) "Legal custody" means the managing conservatorship of a child.
-and-
(14) "Physical custody" means the physical care and supervision of a child.
*See, Tex. Fam. Code Ann. § 152.102*

Plaintiffs have used the term "custody" interchangeably for both legal and physical custody throughout these proceedings. While it is understandable that the word could be used interchangeably in normal speech, when discussing custody in a legal proceeding such as this it is important to clarify which type of custody is being discussed so as not to mislead the jury. For instance stating that V.T. was in the custody of Defendant Jacob Torres can be confusing, as legal custody of V.T. was not immediately transferred to Defendants. Further it would need to be clarified that Plaintiff Waggoner was in the legal and physical custody of Jacob

Torres once he established contact, and that although V.T. was arguably in Defendants physical custody, V.T. was not in Defendants' legal custody until after they had been willingly transported to New Mexico with her mother. If one was to use the term "custody" in the interchangeable and unspecified manner of normal speech, as the Plaintiffs have done previously, then confusion as to who had legal versus physical authority would abound and would be likely to prejudicially mislead the jury. Under Federal Rule of Evidence 403 relevant evidence may be excluded if it will cause prejudice, confusion, or has the tendency to mislead the jury. *See, Fed. R. Evid. 403.*

In order to prevent any potential confusion from the inaccurate use of the word "custody," Defendants respectfully request the Court enter an order in limine pursuant to Fed. R. Evid. 403 requiring that the parties specify whether they are referring to legal or physical custody or both, when discussing "custody" in their presentation of evidence so as not to cause undue confusion.

## V.    Reference to Pleadings Dismissed Claims, rulings or attorney conduct (401, 403)

Throughout this litigation the Plaintiffs have referred to the Order entered on March 17, 2025, which required Defendant CYFD to relinquish custody of V.T. back to her mother Plaintiff Hope Waggoner.  Until this order was entered, the Defendants were operating based on the *Ex Parte* Order entered by the Third

Judicial District Court of New Mexico which initially granted Defendants custody on or about February 21, 2026.

As the Plaintiffs have previously pointed out, the order remanding custody was not entered until nearly a month after the initial incident on February 20, 2025, meaning the lack of jurisdiction established in the March 17, 2025, order was not known at the time the incident Plaintiffs complained of occurred, and was not clarified until March 17, 2025. Plaintiffs should not be allowed to argue to the jury that the March 17, 2025 Order is a condemnation or refutation of the actions taken by Defendants, and should not be allowed to argue that the March 17, 2025, order is evidence that the law was known or clearly established from February 20, 2025 – March 16, 2025 for purposes of determining qualified immunity for Defendant Torres.

Plaintiffs will likely seek to use the March 17, 2025, order as evidence that the State of New Mexico CYFD did not have jurisdiction to take V.T. on February 20, 2025. While Defendants maintain that V.T. was transported to New Mexico with Hope Waggoner and with her consent, Plaintiffs will argue that there was no consent and therefore the jurisdiction did not exist. Aside from this initial factual question, there will also need to be a determination by the Court regarding whether or not the right for Defendants to take V.T. into custody was clearly established such that any reasonable person would know the conduct was unlawful. The very

existence of the March 17, 2025, order belies this argument. If the right had been clearly established, the New Mexico Court would not have needed to reverse its order reneging on the custody determination for V.T. in March 2025. Introducing this March 17, 2025 order would only serve to confuse and mislead the jury with irrelevant and misleading prejudicial hearsay.

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.
> *See,* Fed. R. Evid. 401
>
> -and-
>
> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See,* Fed. R. Evid. 403

The Defendants argue that the March 17, 2025 Order, is irrelevant to the question of qualified immunity, because it does not have any tendency to make a fact more or less probable. The order does not make it more or less probable that V.T. was transported to New Mexico with or without her mother's consent. The order does not make it more or less probable that the rights of the parties were clearly established from February 20, 2025 – March 17, 2025, the operative time of the alleged damages Plaintiffs complaint of. In fact, the order evidences that the rights of the party were *not well established* until March 17, 2025 by its very

existence. The fact that the order (which constitutes hearsay) exists is not itself a fact of determining the qualified immunity defense for Defendant Torres, because the question is whether or not the rights were clearly established *at the time of the incident*. This order may retroactively claim that the right was not established, but it does not do so until well after the incident, and as soon as the right was clarified, the Defendants acted in accordance with the order of the court and returned custody of V.T. to the Plaintiffs.

This order *retroactively* clarified the rights of the parties regarding custody of V.T. and was not applicable at the time the incident occurred. Because the ruling came a month after the incident, and the ruling is a retroactive or retrospective application of the law, it is likely this evidence will prejudicially mislead the jury. The concept of jurisdiction and the legal web which entangles child custody and supervision law is a complicated matter which requires significant legal study. The existence of the two orders regarding V.T.'s custody, first granting custody to the state and then reneging that custody, testifies to that. As applicable to the question of qualified immunity for the Defendant, it is easy to see that the presentation of this Order, which did not apply until a month after the incident, could be prejudicially misunderstood by the jury as an indication that jurisdiction and the right of custody were clearly established – when in fact they evidence the opposite. If the Plaintiffs are allowed to present the order, it will prejudicially suggest that

the law was clearly established at the time of the incident when it was clearly not. This could prejudicially impact Defendant Torres defense claim because it is confusing and easy to mislead the jury, and should not be admitted under Fed. R. Evid. 403.

Finally, previously entered judgments qualify as "hearsay" and should be excluded from the presentation of evidence under Fed. R. Evid. 802. A judgment entered by another court is written hearsay when presented as evidence. The New Mexico Court which entered the March 17, 2025 order did so out of this Courtroom and their statement cannot be cross examined.

> (c) Hearsay. "Hearsay" means a statement that:
> (1) the declarant does not make while testifying at the current trial or hearing; and
> (2) a party offers in evidence to prove the truth of the matter asserted in the statement.
> *See, Fed. R. Evid. 801*

In this case, if the Plaintiffs seek to introduce the March 17, 2025 Order, as evidence that the law was clearly established at the time of the incident, or as evidence that Defendants did not have jurisdiction at the time of the incident, they are barred from doing so. The plaintiffs may not present the order as evidence that jurisdiction was not established or that the law clearly was established at the time of the incident, as that is inadmissible hearsay,. "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." *See, Fed. R. Evid. 802.*

Although exceptions for admission of previous judgments and convictions do exist under Fed. R. Evid. 803, 804, and 807, none of those listed exceptions apply here as the order is not a conviction or final judgment following a trial or guilty plea; is not a conviction in a criminal matter; is not offered as evidence to prove an essential fact of the judgment, and is not being offered by a prosecutor in a criminal case, or is not being offered to prove a matter of family history essential to the judgment and which could be proved by evidence of reputation. *See, Fed. R. Evid. 803(23) and (24).* Because the hearsay exceptions do not apply in this matter if the Plaintiffs seek to introduce the order as evidence that the law was clearly established or that jurisdiction was not established at the time of the incident it is hearsay.

For the foregoing reasons, the Defendants respectfully move the Court to enter and order *in limine* pursuant to FREs 401, 403, and 802, which bars the admission of the March 17, 2025 order, because it is irrelevant hearsay which will lead to confusion and has the tendency to prejudicially mislead the jury.

Date: July 24, 2026

**Respectfully submitted,**

**CARRILLO LAW FIRM, P.C.**

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr.
1001 E. Lohman Ave.
Las Cruces, NM 88001
(575) 647-3200
raul@carrillolaw.org
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2026, I caused the foregoing document to be served on counsel of record and filed with the Court.

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr.