**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**HOPE WAGGONER and JAIME TORRES,**
**as individuals and on behalf of V.T., a minor,**

**Plaintiffs,**

**v.** **No. 3:25-cv-00166-RFC**

**THE NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT and JACOB TORRES, in his individual capacity,**

**Defendants.**

# DEFENDANTS' REPLY IN SUPPORT OF THEIR OMNIBUS MOTION IN LIMINE [Doc. 53]

COME NOW Defendants, by and through their counsel of record, CARRILLO LAW FIRM, P.C. (Raúl A. Carrillo, Jr.), and hereby file their Reply in Support of Their Omnibus Motion in Limine [Doc. 53], and in support state as follows:

As an initial matter, Defendant Jacob Torres, who is sued in his individual capacity only, is the only remaining Defendant in this matter. Claims against the State of New Mexico for monetary relief are barred by the 11th Amendment to the United States Constitution, and no waiver of the immunity has been given or granted. A Stipulation and proposed Order for review by the Court have been submitted of even date. Therefore, any references to the actions of dismissed non-party New Mexico Children, Youth and Families Department are inappropriate as

that New Mexico State Agency is not properly before this Court. The attempts of the Plaintiffs to conflate the actions of a non-party, with the Defendant Jacob Torres, who was only sued in his individual capacity, are the cause of a number of the evidentiary issues addressed in the Omnibus Motion in Limine.

**I. Motion in Limine No. 1**

The Plaintiffs request a denial of the of the motion in limine, despite having requested similar if not the same relief in their Omnibus Motion in Limine [Doc. 12], in which the Plaintiffs requested that Defendants lay witnesses from NM CYFD be prevented from offering their opinion testimony regarding their firsthand knowledge of the law applicable to their employment and duties. *See, Plaintiffs' Omnibus Motion in Limine [Doc. 48].* Defendants similarly seek to prevent Plaintiffs' lay witnesses from offering non-expert ("lay") opinion testimony regarding issues to which they have no expert knowledge or first hand knowledge – such as the applicability of the law regarding child custody services and their required duties.

Defendants' motion is based on Federal Rules of Evidence 602, 701, and 702 which prohibit lay opinion testimony regarding those subjects which require a specialized knowledge the witness is not qualified to provide, or base an opinion on. Defendant respectfully requests the Court grant his Motion in Limine and bar the Plaintiffs from eliciting lay opinion testimony regarding issues which they do

not have first hand knowledge, or which require specialized or technical knowledge which the witness does not possess, and therefore is not qualified to provide an opinion.

## II. Motion in Limine No. 2

Plaintiffs again provide no substantive argument to deny the motion. Plaintiffs are correct that the Defendants have not identified any remedial measures Defendants have implemented, and that such remedial measures may be introduced by exception, however the motion is not limited to unidentified remedial measures. The motion also includes settlement offers and discussion, which are not allowed to be introduced under the Plaintiffs' remedial measures exception. *See, Response [Doc. 64] pg. 3.* The parties have previously attempted to mediate this issue and have exchanged settlement offers. Defendants seek relief in accordance with Federal Rule of Evidence 408 to prevent these settlement communications from being introduced.

Plaintiffs' opposition is solely related to the relief requested under Fed R. Evid 407, and they do not provide any opposition to the requested relief under Fed. R. Evid. 408, 409, and 411. As such, Defendants respectfully request that the Court grant the relief requested.

## III. Motion in Limine No. 3

Plaintiffs do not oppose the requested relief and Defendant does not oppose the request to exclude his own non-party witnesses from the courtroom until they have testified.

## IV. Motion in Limine No. 4

Defendants' Motion in Limine No. 4 is advanced for the purpose of providing clarity to the jury during the production of evidence. Legal practitioners, employees of child custodial services, and possibly politicians, may be aware of the distinction between "custody" and "custodial rights" as pointed out by the Plaintiffs' counsel here. *See, Response [Doc. 64] pg. 5.* However, Plaintiffs' own argument proves the point of the motion, which is to address confusion and undue prejudice in the useof the word "custody" or "control" before a panel of laypersons. Members of the public may misunderstand "custody" to be what the Plaintiffs refer to as "physical control". However, there is a distinction between "legal" and "physical" custody and "control", that is important to draw for a complete understanding of this case.

According to the Plaintiffs' argument, Defendant Jacob Torres, never had any "custody" of the infant V.T. To use the Plaintiff's own analogy of the kidnapper, the kidnapper never has "custody" of the infant – in fact Plaintiffs argue that it would be "absurd" to say so. *See, Response pg. 5.* Plaintiffs argue that as

long as *custodial rights have not been transferred*, parents have physical *and* legal "custody" of their infant, regardless of physical "control", and therefore making a distinction would be meaningless. Under tis logic, and perhaps this inadvertent admission, Defendant Jacob Torres never had legal or physical "custody" of V.T. given that she was transferred with her mother, in her mother's physical "control" and her mother's "physical and legal custody" - until those *custodial rights* were transferred to the non-party Las Cruces Police Department, who then transferred them to non-party NM CYFD. As Plaintiffs have stated: "*When Defendant placed V.T. in his car and drove to Las Cruces, he did not have custodial rights over V.T.* Later that day, however, when Defendant took V.T. into state custody, *all* the custodial rights that formerly belonged to Hope and Jaime shifted over to CYFD and its agents." *See, Response [Doc. 64] pg. 7*.

In this simple phrase, Plaintiffs acknowledge that Plaintiff Hope Waggoner retained legal and physical custody of the infant V.T. up until the moment that the Las Cruces Police Department took custody of the infant. Similarly, V.T. was transported with Hope, her mother in the car to Las Cruces, she was not outside of Hope's physical control until after NM CYFD had taken custody of her. Individual capacity Defendant Jacob Torres never took physical control of the infant V.T., and never took either legal or physical custody of the infant V.T. because physical and

legal custody were assigned by the Las Cruces Police Department to the state agency responsible for looking out for children, NM CYFD.

Despite taking the position in their Response Brief that Jacob Torres, as an individual, never had either physical or legal custody of V.T., the Plaintiffs will attempt to claim that individual capacity Defendant Jacob Torres exerted some element of "physical control" over V.T. when she was transported to New Mexico with her mother, Hope Waggoner, so that they may advance a Fourth Amendment wrongful seizure claim. Defendant's motion, which seeks a court order requiring that Plaintiffs and their counsel distinguish between physical and legal custody, and control, is an effort to obtain a mechanism to clarify for the jury, without confusion or prejudice, that at no point did Jacob Torres have *legal custody or physical custody* of V.T. - even if he was physically present with Hope Waggoner and V.T. in the same car as a result of transporting the runaway mother back to New Mexico. Defendants further objects to the use of the phrase "physical control," because here is no evidence in the record that Defendant Jacob Torres exerted any physical control over V.T. – only Hope Waggoner, the baby's mother, - who was present with the child at all times that Jacob Tores was present - and who had both legal and physical custody of the child until the Las Cruces Police Department assigned custody to NM CYFD, had physical control of the child at the time of the incidents at issue in this lawsuit which involve individual capacity

Defendant Jacob Torres. The Defendant is asking this Court to require that Plaintiffs' counsel be specific in their use of language in order to avoid hopelessly confusing the jury about the meanings of "physical custody", legal custody", and "physical control".

Defendants seek a non-prejudicial mechanism to allow the jury to understand the difference between having physical control (such as carrying or holding the child) of the child, and the legal right to make decisions for the child. The distinction between legal and physical custody which is provided by the Texas Children's Code, appears to make this distinction in a manner which is easy to understand and could be accepted by the jury.

**V. Motion in Limine No. 5**

Plaintiffs seek to intentionally and prejudicially conflate the actions of non-party NM CYFD with Defendant Jacob Torres. Plaintiffs claim that the order is relevant because, "It explains when and why CYFD relinquished custody of V.T. , bears directly upon the duration of the separation challenged by Plaintiffs, and provides necessary context for Plaintiffs' causation and damages evidence." *See, Response [Doc. 64] pg. 8.* Defendant Jacob Torres, who is sued in his individual capacity, is not the same person or entity as the State agency known as NM CYFD. Defendant in this case is Jacob Torres in his personal capacity only. The Order in question is directed to the State agency, and not to Jacob Torres, and it does not

order Jacob Torres to do anything. The Order in question is relevant to the actions of non-party NM CYFD not to the actions of Jacob Torres, the individual. Plaintiff may contend that NM CYFD acted pursuant to the New Mexico Court's order, but does not allege, and must also admit, that the order was not directed toward Defendant Jacob Torres, as an individual. The Plaintiffs are attempting to confuse the issues for trial by stating that Jacob Torres, the individual, should be liable for official actions of NM CYFD. Plaintiffs attempt to establish relevance by pointing an action which the Defendant was required to perform in the course of his employment with NM CYFD – filling out an affidavit. Plaintiff cannot demonstrate that this was a personal action taken absent the authorization of the State, or outside of the course and scope of duties ancillary to Defendant's employment. As such, the claim that an improperly filled out affidavit or form – which then led the Court to enter a decision - is only proper against NM CYFD the non-party, and the Defendant cannot be held personally liable in this case for those actions.

Defendant concurs with the Plaintiffs that the March 17, 2025 New Mexico Court Order may be offered to speak as to its own terms and operative effect and that the Order speaks for itself. Defendants however, seek to bar the presentation of the Order as evidence that Jacob Torres individually was required to do anything by the Court, or that the order is directed at Defendant rather than non-party NMCYFD.

**Respectfully submitted,**

**CARRILLO LAW FIRM, P.C.**

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr.
1001 E. Lohman Ave.
Las Cruces, NM 88001
(575) 647-3200
(575) 647-1463 (fax)
raul@carrillolaw.org
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2026, I caused this document to be electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Raúl A. Carrillo, Jr.*
Raúl A. Carrillo, Jr.