**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HOPE WAGGONER and JAMIE TORRES, as individuals and on behalf of V.T., a minor,** | § | |
| ***Plaintiffs*,** | § | |
| **v.** | § | **EP-25-CV-00166-RFC** |
| **THE NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT and JACOB TORRES, in his individual capacity,** | § | |
| ***Defendants*.** | § | |

**ORDER TO SUPPLEMENT BRIEFING**

Before the court is the above captioned case, now amended to remove all claims against Defendant New Mexico Children, Youth & Families Department. *See* Order Dismiss. Claims Against Def. the N.M. Child., Youth & Fams. Dep't., ECF No 69. In its original answer Defendant alleged "[t]he claims and causes of action against Defendant Jacob Torres are barred by the doctrine of qualified immunity." Defs.' Ans. to Compl., ECF No. 10 [hereinafter "Ans."]. As of today, the sole defendant is Jacob Torres. There has been no briefing on the issue of qualified immunity.

The issue of qualified immunity raises two questions: "[f]irst, does the complaint allege a constitutional violation? If so, was the violation clearly established so that the government official would have known [he] was violating the law?" *Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019) (citing *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017)). When addressing "civil rights actions brought under 42 U.S.C. § 1983, the Supreme Court has stated that 'whether the conduct of which the plaintiff complains violated clearly established law' is an 'essentially

legal question' that could be resolved before trial or discovery in some cases." *U.S. v. Maggitt*, 778 F.2d 1029, 1034-35 (5th Cir. 1985) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Since this is a question of law, it is most properly dealt with by the Court before trial. Additionally, "[a]lthough there is some authority to the contrary, it appears that the majority of courts, including the Fifth Circuit, currently hold that the court 'may raise the issue of qualified immunity sua sponte.'" *Alexander v. Tangipahoa Parish Sheriff Dep't.,* No. 05-2423, 2006 WL 4017825, at *5 (E.D.La. Oct. 2, 2006) (quoting *Greco v. Nat'l. R.R. Passenger Corp*., No. 02-CV-6862, 2005 WL 3591196, at *7 n. 6 (E.D.Pa. Dec. 30, 2005)) (collecting cases). While this is not truly sua sponte since Defendant raised the issue of qualified immunity in their answer, *see* Ans., the Court is requesting briefing to address the issue before trial. *See U.S. v. Maggitt*, 778 F.2d at 1034-35.

**IT IS THEREFORE ORDERED** that, **on or before September 8, 2026**, Defendant shall file additional briefing addressing (1) whether the complaint alleges a constitutional violation(s); and (2) whether the violation(s) is clearly established so that Defendant Jacob Torres would have known he was violating the law. Plaintiffs shall file a response no later than **September 15, 2026.**

**SIGNED** this 24th day of August, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**