**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HOPE WAGGONER and JAMIE TORRES, as individuals and on behalf of V.T., a minor,** | § § § | |
| ***Plaintiffs*,** | § § | |
| **v.** | § § | **EP-25-CV-00166-RFC** |
| **JACOB TORRES, in his individual capacity,** | § § | |
| ***Defendant*.** | § § § § | |

**ORDER**

Before the Court Defendant Jacob Torres' Motion for Summary Judgment on Qualified Immunity Grounds, and For Partial Summary Judgment on Plaintiffs' Damages Claims, ECF No. 73 [hereinafter "MSJ Mot."] and Defendant's Motion for Leave to Supplement Reply in Support of Defendant's Motion for Summary Judgment to Address Plaintiffs' Late Submission of Materials Offered in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment, ECF No. 80. For the reasons set forth herein, ECF No. 73 is **DENIED as untimely,** and ECF No. 80 is **DENEID as moot.**

On August 24, 2026, this Court filed an Order to Supplement Briefing, ECF No. 70, asking the parties to address "(1) whether the complaint alleges a constitutional violation(s); and (2) whether the violation(s) is clearly established so that Defendant Jacob Torres would have known he was violating the law." Defendant interpreted this request as the Court re-opening the dispositive motion deadline and took the opportunity to file a Motion for Summary Judgment. *See* MSJ Mot.

However, the deadline to file dispositive motions was April 30, 2026. *See* Scheduling Order, ECF No. 17. Neither party filed a dispositive motion before the deadline elapsed. The Court previously denied a request to extend the dispositive motion deadline. *See* Text Order, May 1, 2026. Nothing in the Court's request for supplemental briefing can be interpreted as re-opening the dispositive motion deadline. The Court requested supplemental briefing to fully understand how the qualified immunity issue would be presented at trial.

"The district court has broad discretion in controlling its own docket." *Edwards v. Cass Cnty., Tex.,* 919 F.2d 273, 276 (5th Cir. 1990). Defendants can forfeit their right to file a motion for summary judgment on qualified immunity grounds by allowing the motions deadline to expire without filing the requisite motion. *Id*. When a defendant fails to or chooses not to move for summary judgment, ". . . the policies encouraging pretrial, speedy immunity determinations—in particular, the policy favoring avoidance of the processes of litigation—do not apply, of course." *Melear v. Spears,* 862 F.2d 1177, 1184 (5th Cir. 1989). However, Defendants may still assert qualified immunity at trial. *Edwards,* 919 F.2d at 277 (citing *Melear,* 862 F.3d at 1184).

**IT IS THEREFORE ORDERED** that, Defendant Jacob Torres' Motion for Summary Judgment on Qualified Immunity Grounds, and For Partial Summary Judgment on Plaintiffs' Damages Claims, ECF No. 73 is **DENIED as untimely.**

**IT IS FURTHER ORDERED** that, Defendant's Motion for Leave to Supplement Reply in Support of Defendant's Motion for Summary Judgment to Address Plaintiffs' Late Submission of Materials Offered in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment, ECF No. 80 is **DENIED as moot**. If the parties wish to file[1] an updated Joint Jury Trial

[1] The parties are not required to file an updated Joint Jury Trial Submission. If they choose not to file an updated submission then Joint Jury Submissions, ECF No. 62, will remain operative.

Submission, to better reflect the qualified immunity arguments presented in the supplemental briefings, they must do so **no later than Monday, December 28, 2026 by 12:00pm Mountain Time.**[2]

**SIGNED** this 9th day of October, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

[2] The requirements for the Joint Jury Trial Submission are detailed in Order on Joint Pretrial Submissions, ECF No. 45.