**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **HOPE WAGGONER and JAMIE TORRES, as individuals and on behalf of V.T., a minor,** | § | |
| ***Plaintiffs*,** | § | |
| **v.** | § | **EP-25-CV-00166-RFC** |
| **JACOB TORRES, in his individual capacity,** | § | |
| ***Defendant*.** | § | |

**ORDER**

On this day the Court considered the above captioned case. On April 30, 2026, the parties submitted Stipulated Mot. for Extension of Time to Submit Dispositive Mots., ECF No 35. On May 1, 2026, the Court denied the request. *See* May 1, 2026 Text Order. "A scheduling order may 'be modified only for good cause.'" *Carrier Corp. v. Holmes,* 1:24-CV-187-DII*,* 2025 WL 1837747, at *2 (W.D. Tex. Jan. 21, 2025) (citing Fed. R. Civ. P. 16(b)(4)). When evaluating good cause the Court considers "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Carrier Corp,* 2025 WL 1837747, at *2 (quoting *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist*., 912 F.3d 805, 819 (5th Cir. 2019)).

The Court finds that there is good cause to re-open the dispositive motion deadline. The Court credits the parties' explanation that "final depositions will reveal information relevant to the submission of dispositive motions . . ." *See* Stipulated Mot. for Extension of Time to Submit

Dispositive Mots. ¶ 6, ECF No 35. Given the complexity of the issues presented, the Court finds allowing dispositive motions before trial is in the interest of the effective administration of justice.[1]

**IT IS THEREFORE ORDERED,** that the parties shall file dispositive motions no later than **November 13, 2026 at 5pm.** All other dates, including the trial date, remain in effect.

**SIGNED** this 14th day of October, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

[1] Additionally, "[t]he district court has broad discretion in controlling its own docket." *Edwards v. Cass Cnty., Tex.,* 919 F.2d 273, 276 (5th Cir. 1990).